KANSAS, O. & G. RY. CO. OF TEXAS v.
PIKE. (No. 9140.)

(Court of Civil Appeals of Texas. Dallas.
June 7, 1924. Rehearing Denied
July 5. 1924.)

1. Master and servant ⬅═203(1)—Assumed
risk contractual.

Assumed risk .is contractual; servant im-
pliedly agreeing to assume usual and ordinary
risks of employment.

2. Master and servant ⬅═100(1)—Guarantee
of employé's safety from assaults by strikers
held part of contract.

Railway company's guarantee of em-
ployé's safety from personal assaults and vio-
lence by strikers and sympathizers held part of
employment contract, for breach of which em-
ployé could recover damages.

On Motion for Additional Findings of Fact.

3. Appeal and error ⬅═1122(4)—Finding that
employé's injuries were not result of as-
sumed risk held sufficient conclusion of fact
by appellate court.

Jury's finding, adopted by appellate court,
that employé's injuries were not result of as-
sumed risk, held sufficient conclusion of fact;
court not being required to summarize or re-
produce evidence.

Appeal from District Court, Grayson
County; Silas Hare, Judge.

Action by W. J. Pike against the Kansas,
Oklahoma & Gulf Railway Company of Tex-
as. Judgment for plaintiff, and defendant
appeals. Affirmed.

John T. Suggs, of Denison, for appellant.
.Ed Westbrook and Webb & Webb, all of
Sherman, for appellee.

LOONEY, J. This is an appeal by appel-
lant railway company from a judgment of
the district court of Grayson county in favor
of appellee, in an action for damages for
the breach of an express agreement entered
into by appellant to protect appellee from
assaults and injuries by strikers and strike
sympathizers. On July 1, 1922, there oc-
curred a nation-wide strike of shopcraft em-
ployés of railway companies including those
of appellant at Denison, Tex. Appellee, in
this situation, entered the services of ap-
pellant and was, on July 12, 1922, while en-
gaged in performing the duties of his em-
ployment, murderously assaulted and shot by
a striker or strike sympathizer, and wound-
ed substantially, as alleged in his petition,
the substance of which is as follows: That
on July 7, 1922, during the existence of a
general strike among railway employés,
appellant, as well as other railway compa-
nies, encountered great difficulties in securing
laborers to take the place of their striking
employés; that both the property and the

employés of appellant, especially at Deni-
son, Tex., were in great danger of injury
and violence at the hands of strikers and
their sympathizers; that appellant, and its
agents and employés, conferred with appellee
in an effort to employ him; but, knowing of
the danger from assaults and injuries by
strikers and strike sympathizers, appellee re-
fused to accept the offer of employment un-
less appellant would agree to give him pro-
tection against personal injuries. The result
was that appellant.made an agreement-with
appellee to protect him against any and all
attacks, injuries, and violence at the hands
of strikers, strike sympathizers, and others
who were not engaged in the employment
with him, whereupon appellee entered its
service, which he would not have done but
for the agreement.

Appellee further alleged that he worked
for appellant from July 7, 1922, till July 12,
1922, and, while engaged at work sweeping
out a passenger coach about 3 o'clock a. m. on
the latter date, a striker, or strike sympa-
thizer, shot him through the stomach, or ab-
domen, and through his left arm, from which
he suffered immediate and permanent in-
juries.

Appellee further alleged that appellant
negligently failed to provide safeguards to
protect him, in that it failed to surround the
place where appellee worked with a sufficient
wall to protect the avenues leading to the
place where he was engaged at work; that it
negligently failed to provide a sufficient num-
ber of detectives, United States marshals,
local officials, or guards sworn in under the
authority of these several governments; that
appellant violated its contract and guaranty,
in that it failed to protect him against as-
sault, violence, and injury from strikers and
strike sympathizers, to his great damage, etc.

Appellant answered by general denial and
alleged, further, that it was at the time en-
gaged in, and was an instrumentality of, in-
terstate commerce; that, at and before re-
ceiving the injuries alleged, appellee had
full knowledge and notice of the acts and
omissions complained of by him, and assumed
the risk of any injury arising therefrom.

The court, after correctly defining assumed
risk, submitted the case on special issues in
response to which the jury found: (1) That
at the time appellee entered the employ of
appellant, it agreed and obligated itself to
give him protection against personal injuries
from all persons other than those who were
actually engaged in the employment with
him; (2) that appellant failed to exercise
ordinary care to furnish appellee reasonable
protection from injury as mentioned above;
(3) that appellee received injuries on the oc-
casion in question, on account of the failure
of appellant to furnish him reasonable pro-
tection as hereinbefore mentioned; (4) that

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
264 S.W.—38

$1,000 was found to be the amount of appellee's damages for the injuries received; and (5) that appellee's injuries were not the result of one of the risks assumed by him as defined by the court.

In accordance with these findings, the court rendered judgment in favor of appellee against appellant for $1,000 with 6 per cent. interest per annum and costs, from which this appeal is prosecuted.

Appellant relies for reversal on the propositions contained in the last paragraph of its brief, as follows:

"On two grounds appellant submits that the judgment of the trial court should be reversed and rendered—first, that there is wholly lacking any proof sufficient to support a conclusion that any of the acts or omissions charged to appellant were the proximate cause of his injury; second, if this contention be not well made, then it is conclusively shown that there was no fact, condition or circumstance that was not fully known to appellee prior to his injury, and coupled with this knowledge was a very active appreciation of the danger continuously existing by reason thereof.

"In the alternative appellant prays that the judgment be reversed and the case be remanded."

These contentions of appellant are not, in our opinion, well taken, and must therefore be overruled.

We find in the record ample warrant in the evidence for the findings of the jury and adopt the same as our conclusion of fact.

This case is one of first impression in this state; in fact, we have not been able to find, nor has our attention been called to but one other reported case where similar facts were brought under review and rights of litigants adjudicated. The novelty of the case is no doubt due to the infrequency of the existence of situations such as produced it; however it does not seem to differ in essential features from other contracts.

[1] No department of the law of master and servant has received more varied application than that of assumed risk. This relation between master and servant at common law is treated by law-writers as contractual; that is, the servant, in consideration of stipulated compensation, impliedly agrees to assume the usual and ordinary risk of his employment and the master impliedly agrees to furnish the servant suitable instrumentalities and see that they are safely used.

We find among the reports many cases where servants were permitted to recover damages for injuries received on account of the breach of an express agreement made by the master to remedy dangerous conditions incident to or connected with the employment; also, we find instances where recoveries by servants were permitted to stand for injuries caused by the breach of express agreements made by the master to take certain precautions to insure the safety of the servant, on the strength of which the servant accepted employment or undertook the new work desired. Labatt's Master and Servant, vol. 4, § 1346, pp. 3865, 3866.

In Hyatt v. Hannibal & St. J. R. Co., 19 Mo. App. 287, a railway company was held liable for injuries caused by exposures to extreme cold where the servant had been sent, in an emergency, to clear away snow from the track, and had refused to go until he had received an assurance that provision would be made for his protection.

In Floettl v. Third Avenue R. Co., 10 App. Div. 308, 41 N. Y. Supp. 792, a corporation was engaged in putting in place appliances to move cable cars. The foreman superintending the work stated to the employé that no car would pass until a time considerably later than the time of the accident. The employé relied and acted upon this statement and was injured from the running of a car over the line while he was under the track. He was permitted to recover.

In the case of Cheeney v. Ocean S. S. Co., 92 Ga. 726, 19 S. E. 33, 44 Am. St. Rep. 113, a shipowner was held liable for injuries resulting from his violation of a promise to station a man at the hatch of a ship in order to protect laborers in the hold while the loading was in progress. The facts of the case under consideration, in our opinion, bring it within the doctrine of the cases just mentioned.

The case nearest in point is Hansen v. Dodwell Dock Co. from the Supreme Court of Washington, 100 Wash. 46, 170 Pac. 346, L. R. A. 1918C, 925.

Hansen, while in the service of the dock company as longshoreman, was assaulted and injured by members of a mob of striking union longshoremen. He brought suit against the dock company for damages and relied upon an agreement made with him by the dock company, by the terms of which it agreed to furnish him ample protection from violence, injury, and hurt from the union longshoremen or sympathizers. Hansen obtained a verdict, which was by the court permitted to stand, and, in its opinion reviewing the case, made the following observation with reference to the nature of the contract. The court said:

"The contract is a stranger to the books because of its novelty, but it differs in no sense in its essentials from other contracts by which one person for a sufficient consideration agrees with another to do or not to do a particular thing."

The court, it seems failed to discover anything about the agreement to protect Hansen that differentiated it from any other binding contract.

[2] It will be observed that in all these instances the basis of the relation between the employer and employé was a contract, either

expressed or implied. Appellant in this case was not forbidden by anything in the law to make the agreement with appellee to safeguard and protect him personally from the assaults and violence of strikers and strike sympathizers. The jury found, in response to issues submitted, that appellant made an agreement to this effect, and thus the stipulation guaranteeing appellee safety from personal assaults and violence became and was a part of the contract of employment, for the breach of which he was entitled to recover his damages.

After carefully considering appellant's assignments and propositions, we find no error. The judgment of the trial court is affirmed.

Affirmed.

#### On Motion for Additional Findings of Fact.

In response to the motion of appellant for additional conclusions of fact we find that appellee, at the time he was assaulted and injured, for which he brought this suit, was engaged in cleaning and sweeping out passenger coaches that were operated by appellant constantly between Denison, Tex., and points in the state of Oklahoma; that appellant was then engaged in and was an instrumentality of interstate commerce, and the passenger coaches upon which appellee was employed at the time constituted and formed a part of the railway equipment of appellant used in interstate commerce.

[3] The request for findings on the other issue mentioned in the motion is refused, for the reason that, in the opinion filed in this cause on June 7, 1924, a conclusion of fact was made on the issue wherein we adopted as the conclusion of this court the finding of the jury in the trial court, to the effect "that appellee's injuries were not the result of one of the risks assumed by him."

This finding, in our opinion, is a sufficient conclusion of fact on the issue mentioned, as we are not required to either summarize or reproduce the evidence.